R. Matthew Pettigrew, Jr.
Markowitz & Richman
Suite 2020
123 South Broad Street
Philadelphia, PA 19109
215-875-3132

Attorneys for Plaintiff

_____

| | | |
|---|---|---|
| William J. Einhorn, Administrator of Teamsters Health & Welfare Trust Fund of Philadelphia & Vicinity and Teamsters Pension Trust Fund of Philadelphia & Vicinity<br>Suite 400<br>6981 North Park Drive<br>Pennsauken, New Jersey 08109, | : <br> : <br> : <br> : <br> : <br> : <br> : | United States District Court<br><br>District of New Jersey<br><br>Civil Action<br><br>No. |
| Plaintiff | : <br> : | |
| v. | : <br> : | |
| R.E. Pierson Construction Co., Inc.<br>426 Swedesboro Road<br>Pilesgrove, NJ 08098, | : <br> : <br> : <br> : | |
| Defendant | : <br> : | Complaint |

_____

The plaintiff, William J. Einhorn, Administrator of Teamsters Health & Welfare Trust Fund of Philadelphia & Vicinity and Teamsters Pension Trust Fund of Philadelphia & Vicinity, by and through his attorneys, Markowitz & Richman, hereby files this complaint, and with regard to the defendant, R.E. Pierson Construction Co., Inc., alleges:

1

Jurisdiction and Venue

1. This action is instituted under, and by virtue of, Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185, to collect unpaid fringe benefit contributions.

2. This Court has jurisdiction over this matter pursuant to Sections 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), Section 301 of the LMRA, and 28 U.S.C. § 1331.

3. Venue is proper pursuant to Section § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391(b).

Parties

4. The plaintiff, William J. Einhorn ("Einhorn"), is the Administrator of Teamsters Health & Welfare Trust Fund of Philadelphia & Vicinity ("Health Fund") and Teamsters Pension Trust Fund of Philadelphia & Vicinity ("Pension Fund"). Einhorn is a fiduciary of the Health Fund and the Pension Fund within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

5. The Health Fund and the Pension Fund are multi-employer benefit funds within the meaning of Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and 1002(37). (The Health Fund and the Pension Fund are at times referred to herein collectively as the "Funds.") The Funds receive and administer contributions from various contractors who are obligated to make contributions thereto by virtue of their having agreed to be bound by collective bargaining agreements with various local unions

affiliated with the International Brotherhood of Teamsters, including Local 676 and Local 331 ("Unions").  The Funds' office is located at Suite 400, 6981 North Park Drive, Pennsauken, New Jersey  08109.

6.  The defendant, R.E. Pierson Construction Co., Inc. ("Pierson") is a New Jersey corporation with an address of 426 Swedesboro Road, Pilesgrove, New Jersey, 08098.

## Background

7.  Pierson's employees who are represented by the Union are participants in and beneficiaries of the Funds.

8.  Pierson is a party to collective bargaining agreements ("Agreements") with the Unions and, as such, is bound by the terms of the Agreements.  (A copy of the relevant portions of the Local 676 Agreement is attached hereto as Exhibit A.  A copy of the relevant portions of the Local 331 Agreement is attached hereto as Exhibit B.)

9.  Both Agreements require Pierson to make timely contributions to the Funds for each hour worked by each employee.

## Count One

## Breach of Contract

10.  Paragraphs 1 through 9 of this Complaint are re-alleged as if fully set forth herein.

11.  At all times relevant to this lawsuit, Pierson employed individuals whose wages, hours, and terms and conditions of employment were governed by the Agreement.

12.  In accordance with the Agreements, Pierson is required to make specific

contributions to the Health Fund and to the Pension Fund for each hour worked by each employee.

13. In accordance with the Agreements, Pierson is required to pay its contributions to the Funds on a monthly basis.

14. In accordance with the Agreements, late contributions are subject to liquidated damages of 10%.

15. An audit conducted by the Funds' auditors revealed that Pierson has failed to make timely contributions to the Health Fund and to the Pension Fund.

16. The audit disclosed that Pierson failed to pay liquidated damages in the amount of $1,591.47 to the Health Fund on behalf of its Local 331 employees for 2012 and 2013.

17. The audit disclosed that Pierson failed to pay liquidated damages in the amount of $14,415.86 to the Health Fund and the Pension Fund on behalf of its Local 676 employees for 2012 and 2013.

18. Pierson's failure to make the foregoing payments to the Funds constitutes a breach of the Agreements.

### Count Two

### Violation of ERISA

19. Paragraphs 1 through 18 of this Complaint are re-alleged as if fully set forth herein.

20. Section 515 of ERISA, 29 U.S.C. § 1145, requires that every employer, who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collective bargaining agreement, shall do so in accordance with such plan or agreement.

21. Section 502(g) of ERISA, 29 U.S.C. § 1132(g)(2), provides that in any action instituted for on or behalf of a multi-employer plan to enforce the payment of delinquent contributions, the Court shall, if judgment is entered in favor of the plan, award the plan: (a) the unpaid contributions, plus (b) interest on the unpaid contributions, plus (c) an amount equal to the greater of (i) interest on the unpaid contributions or (ii) liquidated damages provided for under the plan in amount not in excess of 20 percent (or such higher percentage as may be permitted under federal or state law) of the amount determined by the Court under subparagraph (a), plus (d) reasonable attorney's fees and costs of the action, plus (e) such other legal or equitable relief as the court deems appropriate.

22. Pierson's failure to pay liquidated damages to the Health Fund and to the Pension Fund constitutes a violation of ERISA.

WHEREFORE, the plaintiff prays that this Honorable Court grant the following relief:

(a) an Order directing the defendant to provide the Funds' auditors with access to its books and records for the purpose of determining the total amount of contributions owed by the defendant;

(b) judgment in favor of the plaintiff in the amount of $16,007.33, plus any additional amounts determined by any means to be owed, plus the amount of any unpaid contributions and liquidated damages that arise or are discovered subsequent to the commencement of this lawsuit;

(c) interest on the unpaid contributions;

(d) liquidated damages as provided by ERISA and the Agreement;

(e) the reasonable costs, auditor's fees, and attorney's fees incurred by the

plaintiff in connection with this action;

  (f) an Order directing the defendant to make future contributions in a timely fashion and in accordance with the Agreement and ERISA; and

  (g) such other legal and equitable relief this court deems just and proper and/or to which the plaintiff is otherwise entitled.

Respectfully submitted,

MARKOWITZ & RICHMAN

| December 17, 2013 | /s/ R. Matthew Pettigrew, Jr. |
| Date | R. Matthew Pettigrew, Jr. |

Suite 2020
123 South Broad Street
Philadelphia, PA  19109
215-875-3132

Attorneys for Plaintiffs